UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW LEE,                                               Case No. 1:06-CV-703

      Plaintiff,                                        Hon. Richard Alan Enslen

v.

MARTIN F. PALUS, *et al.*,
                                      **JUDGMENT**

      Defendants.         /

This matter is before the Court on Plaintiff Matthew Lee's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation ("Report") of October 25, 2006, which recommends dismissing Plaintiff's Complaint because Plaintiff failed to properly exhaust administrative remedies and because Defendant Palus is immune from suit. This Court reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

Plaintiff's first objection is to the recommendation that the claims against Defendant Palus should be dismissed because he is immune from suit. Defendant Palus is a Michigan Department of Corrections Disciplinary Hearings Officer, and therefore is entitled to absolute judicial immunity from Plaintiff's claims. *See Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Plaintiff claims that Defendant Palus should not be allowed to hide behind his immunity and further that Defendant Palus' immunity does not extend to his decision of identifying Plaintiff by his name rather than his prison number which allegedly resulted in Plaintiff missing his major misconduct hearing. However, as accurately set forth in the Report, the Sixth Circuit has held that hearing officers are entitled to absolute judicial immunity in

relation to actions within the officer's authority. *See Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); Mich. Comp. Laws § 791.251-255. Plaintiff does not dispute that Defendant Palus was acting in his authority as a hearings officer on September 23, 2003. Therefore, Defendant Palus is immune from Plaintiff's claims.

Plaintiff also objects to the Magistrate Judge's finding that he did not exhaust his administrative remedies against Defendants Wohlfert.[1] Plaintiff argues that administrative remedies did not need to be exhausted against Defendant Wohlfert, as they were non-grievable issues. However, the Court disagrees with Plaintiff's conclusion. In Plaintiff's Step I grievance against Defendant Wohlfert, he contested the hearing decision and also Defendant Wohlfert's actions: his failure to notify him of the hearing. (*See* Pl.'s Compl. Ex. 1.) Further, Plaintiff's grievance against Wohlfert was not dismissed as a non-grievable hearing decision. For these reasons, Plaintiff's objection is denied.

**THEREFORE, IT IS ORDERED** that Plaintiff Matthew Lee's Objections (Dkt. No. 4) is **DENIED** and the Report and Recommendation (Dkt. No. 3) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are Defendant Martin F. Palus are **DISMISSED WITH PREJUDICE** as Defendant is immune from suit, and Plaintiff's claims against Defendants Joseph Wohlfert, Lorenzo Lowery and Erica Huss are **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion of available administrative remedies.

---

[1] At the end of his Objections, Plaintiff concedes that his claims against Defendants Huss and Lowery are barred by the Supreme Court decision in *Woodruff v. Ngo,* 126 S. Ct. 2378 (2006), although Plaintiff vehemently believes the *Woodruff* decision is a wrongly decided opinion and will result in prejudice against prisoners.

**IT IS FURTHER ORDERED** that the Court certifies that an appeal of this action would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that this dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 11, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |